UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GLEN THOMAS STEWART,

Plaintiff,

v.

CHARLES JOHNSTON, *et al.*,

Defendants.

Case No. C19-715-JLR-MLP

REPORT AND RECOMMENDATION

Plaintiff Glen Stewart is a federal prisoner who is currently confined at the D. Ray James Correctional Institution in Folkston, Georgia. He has presented to this Court for filing a civil rights complaint under 42 U.S.C. § 1983. (Dkt. # 4-1.) Plaintiff has also submitted an application to proceed with this action *in forma pauperis*. (Dkt. # 4.) Plaintiff alleges in his complaint that the attorney he retained to represent him in federal criminal proceedings in this Court, Charles Johnston, interfered with his ability to present evidence in support of his defense when Mr. Johnston actively participated in the intimidation of key defense witnesses. (Dkt. # 4-1.) Plaintiff asserts that Mr. Johnston's improper conduct resulted in his conviction on charges of conspiracy to distribute controlled substances and attempted possession of cocaine with intent to distribute.

(*See id.*) Plaintiff names Mr. Johnston and ten individuals identified only as "Does 1-10" as defendants in his complaint. (*Id.*) Plaintiff seeks damages, declaratory relief, and a new trial. (*See id.* at 18-19.)

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court held that a § 1983 claim that calls into question the lawfulness of a plaintiff's conviction or confinement does not accrue "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Id.* at 489. It appears clear from the face of the complaint that the claims asserted by Plaintiff would, if resolved in his favor, call into question the lawfulness of his conviction in this Court on federal criminal charges. However, Plaintiff has not demonstrated that his conviction or sentence has been reversed, expunged, invalidated, or impugned in any way.[1] Thus, under *Heck*, Plaintiff's § 1983 claims have not accrued and are therefore not cognizable in this proceeding.

As Plaintiff has not stated a cognizable claim for relief in these proceedings, this Court recommends that plaintiff's application to proceed *in forma pauperis* be denied and that this action be dismissed, without prejudice, prior to service, for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii). A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **twenty-one (21)** days after the filing of this Report and Recommendation. Objections, and any response, shall not exceed three pages. Failure

[1] A review of the docket of Plaintiff's criminal proceedings reveals that Plaintiff has attempted to challenge his convictions on multiple occasions without success. *See United States v. Glen Thomas Stewart*, CR11-120-JCC.

to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar **fourteen (14)** days after they are served and filed. Responses to objections, if any, shall be filed no later than **fourteen (14)** days after service and filing of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on the date that objections were due.

DATED this 6th day of June, 2019.

MICHELLE L. PETERSON
United States Magistrate Judge